IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **RICHARD FUENTES, individually and on behalf of all others similarly situated,**<br>  *Plaintiff*,<br><br>v.<br><br>**DEFENDANT CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES, AND D/B/A CCS USA AND D/B/A THE CCS COMPANIES; CREDITOR'S COLLECTION SERVICE, INC. D/B/A CREDIT COLLECTION SERVICES, AND D/B/A CCS USA AND D/B/A THE CCS COMPANIES; CREDIT CONTROL SERVICE, LLC D/B/A CREDIT COLLECTION SERVICES, AND D/B/A CCS USA AND D/B/A THE CCS COMPANIES AND CREDIT COLLECTION SERVICES,**<br>  *Defendants* | **CIVIL ACTION NO. 4:20-cv-1138**<br><br>**JURY** |

## ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Richard Fuentes (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes the action in accordance with, and to remedy violations by, Defendant Credit Control Services, Inc. d/b/a Credit Collection Services, and d/b/a CCS USA and d/b/a The CCS Companies; Defendant Creditor's Collection Service, Inc. d/b/a Credit Collection Services, and d/b/a CCS USA and d/b/a The CCS Companies; Defendant Credit Control Service, LLC d/b/a Credit Collection Services, and d/b/a CCS USA and d/b/a The CCS Companies and

Defendant Credit Collection Services (hereinafter collectively referred to as "Defendants") of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692, *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001, *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendants from their unlawful conduct.

# I.
# PARTIES

1. Plaintiff Richard Fuentes is a natural person who resides in Tarrant County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services, and d/b/a CCS USA and d/b/a The CCS Companies is a foreign corporation which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 725 Canton Street, Norwood, Massachusetts 02062.

3. Defendant Creditor's Collection Service, Inc. d/b/a Credit Collection Services, and d/b/a CCS USA and d/b/a The CCS Companies is a foreign corporation which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 4530 Old Cave Spring Road, Roanoke, Virginia 24108. It may be served at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Credit Control Service, LLC d/b/a Credit Collection Services, and d/b/a CCS USA and d/b/a The CCS Companies is a foreign limited liability company which operates as a

collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 4042 3 Oaks Drive, #1B, Troy, Michigan 48098. It may be served at The Hot Dog Stand, LLC, 10050 Great Hills Trail, #10, Austin, Texas 78759.

5. Defendant Credit Collection Services is a Massachusetts corporation which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 725 Canton Street, Norwood, Massachusetts 02062.

6. All conditions precedent to Plaintiff proceeding with this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Plaintiff alleges two nationwide classes, which will result in at least one class member from each class belonging to a state different than the state in which the Defendants are deemed to reside.

8. Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendants arising under state law.

9. Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendants are actively doing business in this State and are subject to personal jurisdiction throughout the State; (ii) Defendants transact business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial

part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims.

### III.
### THE FAIR DEBT COLLECTION PRACTICES ACT, ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

10. In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

### IV.
### FACTS RELATED TO PLAINTIFF

11. On or before October 15, 2019, an obligation (the "Debt") was allegedly incurred by Plaintiff to the original creditor, Farmers Insurance Group ("Creditor").

12. The Debt arose out of a transaction in which money, property, insurance or services, which

are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

13. Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

14. On or before October 15, 2019, the Debt was assigned to, purchased by, or transferred to Defendants for collection, or Defendants were employed by Creditor to collect the Debt.

15. Each Defendant meets the definition of a "debt collector" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

16. Defendants contend that the Debt is in default.

17. On or about October 15, 2019, Defendants called Plaintiff on his cell phone in an attempt to collect the Debt.

18. On this phone call, Defendants failed to identify themselves as debt collectors. Instead, Defendants stated on the call that Plaintiff owed $90.68.

19. This phone call meets the definition of "debt collection" under TEX. FIN. CODE § 392.001(5) and the definition of "communication" as defined by 15 U.S.C. §1692a(2).

20. In placing this phone call, Defendants engaged in "communications" as defined by 15 U.S.C. § 1692(a)(2).

21. Plaintiff believes that he does not owe this debt because, at the time he switched insurance companies, he was current with having paid all premiums.

22. Plaintiff is unsure why he owes or even if he owes $90.68 to Defendants.

23. On or about October 22, 2019, Plaintiff sent a cease and desist letter via certified mail, return receipt to Defendants. See Exhibit A.

24. On or about November 17, 2019, Defendants sent a letter to Plaintiff demanding payment

of $90.68. See Exhibit B.

25. The letter failed to validate the debt or inform Plaintiff of his right to request validation.

26. On or about November 17, 2019, Plaintiff called Defendants and told them not to contact him anymore.

27. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA and the TDCA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

28. The telephone number Defendants called was assigned to a cellular telephone service.

29. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

30. The above unlawful practices are Defendants' routine procedures for collecting consumer debts.

31. The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## V.
## CLASS ALLEGATIONS

32. This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

    a. FDCPA Class: All persons who reside in the United States and from whom, on or after October 14, 2019 Defendants sought to collect, or did collect, a consumer debt.

    b. TDCA Class: All persons who reside in Texas and from whom, on or after October 14, 2018 Defendants sought to collect, or did collect, a consumer debt.

Excluded from each of the above Classes are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District Court, their spouses, and any minor children living in their households. Also excluded are employees

of Defendants, their spouses, and any minor children living in their households. Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households.

33. The unlawful actions of Defendants entitle Plaintiff and each Class Member to actual and statutory damages as well as injunctive relief.

34. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendants.

35. Plaintiff will fairly and adequately protect the interests of each Class Member and have retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duty to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

36. Plaintiff is asserting claims that are typical of the claims of each Class Member he seeks to represent, in that Defendants engaged in the collection and/or attempted collection of debts from each Class Member he seeks to represent in the same manner—and utilizing the same method—as Defendants utilized against Plaintiff. All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

37. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendants' conduct are common to all Class Members, and such common issues of law and fact predominate over any questions affecting only individual Class Members.

38. Issues of law and fact common to members of the FDCPA class include, but are not limited to, the following:

   a. Whether Defendants are "debt collectors" as that term is defined by the Fair Debt Collection Practices Act;

   b. Whether Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices Act;

   c. Whether the debt that Defendants sought to collect was a "consumer debt" as defined by the Fair Debt Collection Practices Act;

   d. Whether Defendants engaged in behavior the natural consequences of which was to harass, oppress or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

   e. Whether Defendant's actions constitute a violation of 15 U.S.C. § 1692d(5) when it caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

   f. Whether Defendants' actions constitute a violation of 15 U.S.C.A. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   g. Whether Defendants' conduct violated 15 U.S.C. § 1692e(2)(A)&(B) by making false, deceptive, and misleading representations concerning the character, amount, or legal status of the Debt or any amount which may be collected or sought to be collected by a debt collector in connection with the collection of a debt;

   h. Whether Defendants' conduct violated 15 U.S.C. § 1692e(11) by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action;

   i. Whether Defendants' conduct violated 15 U.S.C. § 1692f by using an unfair and unconscionable means to collect or attempt to collect a debt;

   j. Whether Defendants' conduct violated 15 U.S.C. § 1692g(a) by failing to provide written notice to Plaintiff of his rights, among other rights, to dispute the debt and to demand validation of the debt;

    k.    Whether Defendants are liable for damages and the amount of such damages; and

    l.    Whether Plaintiff and FDCPA Class members are entitled to an award of attorneys' fees and costs.

39. Issues of law and fact common to members of the TDCA class include, but are not limited to, the following:

    a.    Whether Defendants are "debt collectors" as that term is defined by the Texas Debt Collection Act;

    b.    Whether Plaintiff is a "consumer" as defined by the TDCA;

    c.    Whether the debt that Defendants sought to collect was a "consumer debt" as defined by the TDCA;

    d.    Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

    e.    Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.304(a)(5)(A)&(B) by failing to disclose, except in a formal pleading made in connection with a legal action: (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

    f.    Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.304(a)(19) by using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer;

    g.    Whether Defendants are liable for damages and the amount of such damages;

    h.    Whether Plaintiff and Class Members are entitled to seek an injunction against Defendants to prevent or restrain further violations of the TDCA; and

    i.    Whether Defendants directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief.

40. The relief sought by each Class Member is common to the entirety of each respective class.

41.     Defendants have acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

42.     For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendants.

43.     This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   a.   significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   b.   the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

   c.   without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

   d.   class treatment is required for optimal deterrence;

   e.   despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating

      similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

    f.    no unusual difficulties are likely to be encountered in the management of this class action;

    g.    absent a class action, Defendants' illegal conduct shall go unremedied and uncorrected; and

    h.    absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendants' illegal conduct.

45. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendants are each debt collectors as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6).

48. Plaintiff is a consumer as defined by the FDCPA. *See* 15 U.S.C. § 1692a(3).

49. The debt that Defendants sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

50. The Defendants engaged in behavior the natural consequences of which was to harass, oppress or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(d) when Defendants attempted to collect the debt it claimed Plaintiff owed without disclosing how that debt was incurred.

51. Defendants' conduct violated 15 U.S.C. § 1692d(5) when Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number by repeatedly or continuously calling Plaintiff with the intent to annoy, abuse, or harass at the called number.

52. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants attempted to collect a debt using false, deceptive, or misleading representation or means in connection with the collection of the debt when Defendants failed to disclose how the debt was incurred and why it was owed.

53. Defendants' conduct violated 15 U.S.C. 1692e(2)(A)&(B) in that Defendants made false, deceptive, and misleading representations concerning the character, amount, or legal status of the Debt or any amount which may be collected or sought to be collected by a debt collector in connection with the collection of a debt in not disclosing to Plaintiff why he owed $90.68.

54. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to disclose in the initial oral communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

55. Defendants' conduct violated 15 U.S.C. § 1692f by using an unfair and unconscionable means to collect or attempt to collect a debt when they contacted Plaintiff and attempted to collect a debt he does not believe he owes.

56. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to provide written notice to Plaintiff of his rights, among other rights, to dispute the debt and to demand validation of the debt.

57. Congress enacted the FDCPA to prevent real harm. Under the FDCPA, the Plaintiff has a statutory right to not be subjected to harassing calls. The harm that Plaintiff has alleged is exactly the harm Congress targeted by enacting the FDCPA. Congress "elevat[ed]" these "concrete, de

facto" injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

58. As a result of Defendants' violations of 15 U.S.C. § 1692, *et seq.*, Plaintiff and Class members are each entitled to actual and statutory damages.

59. Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

**COUNT TWO**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT,**
**TEX. FIN. CODE § 392.001,** *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. The acts of Defendants constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

62. Defendants are "debt collectors" as defined by the TDCA. *See* TEX. FIN. CODE §§ 392.001(6).

63. Plaintiff is a "consumer" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

64. The debt that Defendants sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

65. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

66. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers. (Mealer)

67. Specifically, TEX. FIN. CODE § 392.302(2) makes it illegal for debt collectors, during debt collection, to oppress, harass or abuse a person by "placing telephone calls without disclosing the

name of the individual making the call and with the intent to annoy, harass and threaten a person at the called number."

68. The telephone calls made by Defendants were done so with the intent to annoy, harass and threaten Plaintiff, in violation of TEX. FIN. CODE § 392.302(2).

69. Defendants' actions violated TEX. FIN. CODE § 392.305(a)(5)(A)&(B) when they called and failed to disclose to Plaintiff that the communication was an attempt to collect a debt and that any information obtained will be used for that purpose.

70. The Texas Legislature enacted the TDCA to prevent real harm. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers. Defendants' calls harmed Plaintiff by causing the very harm that the Texas Legislature sought to prevent – informational injury under the TDCA.

71. Defendants' actions violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt which Plaintiff does not believe he owed.

72. As a result of Defendants' violations of the TDCA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendants to prevent or restrain further violations. TEX. FIN. CODE § 392.403(1).

73. Defendants' described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual damages, statutory damages and reasonable attorneys' fees and costs, declaratory relief, injunctive relief and other legal and equitable relief pleaded herein.

## VII.
## VICARIOUS LIABILITY

74. At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiff and the Class Members were employed by Defendants and were working in the

course and scope of their employment with Defendants. Defendants had the right to control their activities. Therefore, Defendants are liable for their actions, inactions, and conduct which violated the FDCPA and the TDCA and proximately caused damage to Plaintiff and each member of the classes as described herein.

## VIII.
## JURY REQUEST

75. Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendants as follows:

a. Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).
b. Declaring:
    i. Defendants' actions violated the FDCPA; and
    ii. Defendants' actions violated the TDCA.
c. Enjoin Defendants from committing further violations of the FDCPA and the TDCA;
d. Awarding Plaintiff and Class Members actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
e. Awarding Plaintiff and Class Members statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
f. Awarding Plaintiff and Class Members actual and statutory damages and penalties under the TDCA;
g. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants, including treble damages under 47 U.S.C.A. § 227(b)(3);
h. Awarding Plaintiff and Class Members punitive damages; and
i. Granting such other relief that equity and the law deems appropriate.

Dated: October 14, 2020                Respectfully submitted,

                                                 By: /s/ Walt D. Roper
                                                    Walt D. Roper
                                                    TX State Bar No. 00786208
                                                    **THE ROPER FIRM, P.C.**
                                                    3131 McKinney Avenue, Suite 600
                                                    Dallas, TX 75204
                                                    Telephone: 214-420-4520
                                                    Facsimile: 1+214-856-8480
                                                    Email: walt@roperfirm.com

                                                  **ATTORNEY FOR PLAINTIFF**